May 14, 1979

**79-31** **MEMORANDUM OPINION FOR THE ASSISTANT DIRECTOR, LEGAL COUNSEL DIVISION, FEDERAL BUREAU OF INVESTIGATION**

**Federal Bureau of Investigation—Contractual Exemption from Liability for Agents' Negligence in FBI Law Enforcement Training (42 U.S.C. § 3744)**

This responds to your request for our opinion whether Federal Bureau of Investigation (FBI) agents, providing training to State and local law enforcement officers, may require that the officers agree not to sue the FBI agents individually for injuries that might be caused by the agents' negligence in connection with such training.

Section 3744 of title 42, U.S. Code, 82 Stat. 204, reads in pertinent part as follows:

(a) The Director of the Federal Bureau of Investigation is authorized to—

(1) establish and conduct training programs at the Federal Bureau of Investigation National Academy at Quantico, Virginia, to provide, at the request of a State or unit of local government, training for State and local law enforcement and criminal justice personnel;

* * * * * * *

(2) assist in conducting, at the request of a State or unit of local government, local and regional training programs for the training of State and local law enforcement and criminal justice personnel * * *.

* * * * * * *

(b) In the exercise of the functions, powers, and duties established under this section the Director of the Federal Bureau of Investigation shall be under the general authority of the Attorney General.

Your office has informed us that the relevant facts are as follows. The

training programs authorized by § 3744 are conducted by FBI Special Agent police instructors. Several of these instructors have asked whether they may require that persons, as a condition to receiving training, agree not to sue the instructors individually for injuries they may negligently cause the trainees. We understand that the suggested agreements would take the form of "covenants not to sue" and would in effect be exculpatory agreements for the benefit of the individual agents. Further, we have been informed that the FBI, as an agency, would not seek to compel such agreements, but rather that the agreements would be between the agents in their personal capacities and the trainees. It is contemplated, however, that those trainees who decline to enter into the agreements will be barred from participating in the programs.

You have stressed that the exculpation agreements would only relieve the individual agents from liability for their negligence, and that the United States would remain liable for any negligence covered by the Federal Torts Claims Act. Since double recovery is barred by that Act, 28 U.S.C. § 2676, the trainee would suffer no financial loss by proceeding solely against the United States.[1] Indeed, the United States' ability to pay a judgment makes it the more logical defendant. This is borne out by the fact that no agent has yet been sued in his personal capacity in connection with the FBI training program, although there have been training-related suits against the United States.

For the reasons that follow we conclude that such agreements are legally improper and therefore unenforceable.

First, it should be noted that the training programs are official FBI programs. Thus, the determination whether particular governmental units and their trainees will be permitted to participate in these programs is for the FBI to make. Accordingly, since exclusion from the program would require governmental action, it cannot be done by FBI agents in their personal capacities. In other words, it cannot be reasonably argued that restricting participation in the training would not be an official FBI act. This is for the simple reason that if the FBI did not, in fact, seek to compel such agreements there would be nothing to prevent persons refusing to enter the agreements from participating in the training programs.[2] Therefore, the short answer is that the agents, as individuals, are not empowered to set conditions for entry to a Federal program.

Apart from this consideration, we have serious doubt that the contemplated agreements would be enforceable as a matter of common law.

---

[1] Further, you state that the agreements would only relate to ordinary negligence, that is, they would not cover gross negligence and willful conduct. The draft agreement that you sent to us, however, does not clearly make such a distinction. Thus, if the agreement were to operate as you state, it should include a sentence stating that gross negligence and willful conduct are not covered.

[2] We understand that instructors in the training programs volunteer for these assignments and thus retain the option of not serving as instructors for any reason, including fear of a suit against them personally.

When agents accept the instructor assignments, they assume a duty to the Government to serve as such. Thus, their agreement to train the participants in the programs in exchange for executing the covenant not to sue would appear to involve merely the performance of a preexisting duty, and for that reason would not be sufficient consideration to support a contract. *Compare, Davis* v. *Mathews*, 361 F. (2d) 899 (4th Cir. 1966). Section 132 of *Williston on Contracts* (3rd ed. 1957) explains this as follows:

> If a promisee is already bound by official duty to render a service, it is no detriment to him, and no benefit to the promisor beyond what the law requires the promisee to suffer or to give, for him to do or agree to do the service on request. Though the previous legal duty does not run to the promisor under the later agreement, it runs to the public of which the promisor is a member, and as such he has a right, even if not one enforceable at law, to the performance in question. Therefore, no contract can be based on such consideration. [Footnotes omitted.]

To the extent it might be argued that the contracts are supported by a valuable consideration, a further problem arises under 18 U.S.C. 209, providing in pertinent part as follows:

> Whoever receives any salary, or any contribution to or supplementation of salary, as compensation for his services as an officer or employee of the executive branch of the United States * * * from any source other than the Government of the United States * * * shall be fined not more than $5,000 or imprisoned not more than one year, or both.

*See also* 28 CFR § 45.735–8 (Department of Justice regulation embodying § 209's prohibition). This Office has interpreted these provisions as barring receipt of things of value by a Department employee if they are given in connection with the employee's Federal assignment. While we need not here decide whether § 209 and the Department regulation would be violated by individual agents exacting the subject agreements from trainees, they are not in keeping with the spirit of the cited provisions.

For these reasons it is our opinion that individual agents may not require that exculpatory agreements be executed as a condition of participation in the training programs.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*